972 F.2d 1344
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Steven Scott FERNANDES, Defendant-Appellant.
 No. 91-50678.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 24, 1992.*
Decided Aug. 27, 1992.
 
 Before BRUNETTI, RYMER and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Steven Scott Fernandes appeals his sentence imposed under the Sentencing Guidelines following his guilty plea to conspiracy to manufacture methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. He contends that the district court erred by finding that he was a career offender based on a prior conviction under the Youth Corrections Act, 18 U.S.C. §§ 5005-26 (repealed), and a prior state conviction for cultivation of marijuana. He also contends that the district court erred by refusing to depart downward on the basis that criminal history category VI overrepresented the seriousness of his criminal history. We have jurisdiction under 28 U.S.C. § 1291. We affirm in part and dismiss in part.
 
 
 3
 Because Fernandes failed to object below to the counting of the two predicate offenses, we decline to consider this issue for the first time on appeal. See United States v. Winslow, 962 F.2d 845, 849 (9th Cir.1992) (this court generally will not address an argument raised for the first time on appeal).
 
 
 4
 Fernandes also contends that the district court erred by finding as a matter of law that it lacked discretion to depart downward pursuant to U.S.S.G. § 4A1.3 based on the inadequacy of his criminal history category.
 
 
 5
 While we lack jurisdiction to review the district court's discretionary refusal to depart downward, we may review the district court's legal determinations. United States v. Dickey, 924 F.2d 836, 839 (9th Cir.), cert. denied, 112 S.Ct. 383 (1991). Here, the district court responded as follows to Fernandez's request for a downward departure: "No, there is no basis for that. I think we have done very well to go as low as we have." We read this statement as a non-reviewable discretionary refusal to depart. Cf. United States v. Morales, 898 F.2d 99, 100-01, 102 n. 2 (9th Cir.1990). Accordingly, we dismiss Fernandes's appeal from the district court's ruling on his request for a downward departure. See Dickey, 924 F.2d at 839.
 
 
 6
 AFFIRMED in part and DISMISSED in part.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3