967 F.2d 594
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gabriel Jaime JARAMILLO-OCHOA, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Albaro CANO, Defendant-Appellant.
 Nos. 91-50619, 91-50621.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 26, 1992.*
Decided June 4, 1992.
Order Withdrawing Memorandum on Grant of Rehearing September
21, 1992.
 
 Before FARRIS, DAVID R. THOMPSON and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Gabriel Jaramillo-Ochoa and Albaro Cano appeal their sentences under the Sentencing Guidelines following their convictions by guilty plea to conspiracy to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Cano contends that in calculating his offense level, the district court improperly considered all thirty kilograms of cocaine delivered to an undercover agent, rather than the one kilogram he personally delivered. In addition, both appellants contend that the district court erred by failing to consider a downward departure on the ground that their offenses were isolated acts of aberrant behavior. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 I. Calculation of Cano's Base Offense Level
 
 3
 Cano contends that his offense level should be calculated on the basis of the one kilogram of cocaine he delivered and not the 29 additional kilograms transported by Jaramillo-Ochoa, because he did not know about the 29 kilograms or realize that the conspiracy involved such a large quantity of cocaine.
 
 
 4
 The applicable Sentencing Guideline provides that if a defendant is convicted of conspiracy to commit an offense involving a controlled substance, "the offense level shall be the same as if the object of the conspiracy or attempt had been completed." U.S.S.G. § 2D1.4(a). A defendant may be sentenced on the basis of "conduct of others in furtherance of ... jointly-undertaken criminal activity" to the extent that such conduct was "reasonably foreseeable by the defendant." U.S.S.G. § 1B1.3, comment (n. 1); see U.S.S.G. § 2D1.4, comment. (n. 1); United States v. Garcia, 909 F.2d 1346, 1349 (9th Cir.1990). Whether conduct in furtherance of a conspiracy was reasonably foreseeable is a factual finding we review for clear error. United States v. Torres-Rodriguez, 930 F.2d 1375, 1389 (9th Cir.1991). The government bears the burden of proving any fact that the sentencing court would find necessary to determine the base offense level. United States v. Howard, 894 F.2d 1085, 1090 (9th Cir.1990).
 
 
 5
 Cano and Jaramillo-Ochoa were asked by an individual known as Carlos to deliver something. Carlos offered Cano $500 to make one delivery and Jaramillo-Ochoa between $500 and $1000 to make a separate delivery to the same location about an hour later. Cano was given one kilogram of cocaine to transport; Jaramillo-Ochoa was given 29 kilos. The "buyer" who was to receive the cocaine was in fact an undercover agent. Cano delivered the kilogram to the agent, and after a brief conversation with him, which was recorded, Cano was arrested. Jaramillo-Ochoa was arrested upon his arrival a short time later.
 
 
 6
 Both appellants pleaded guilty to conspiracy to distribute one kilogram and more of cocaine. The superseding indictment lists three overt acts: Cano's delivery of one kilogram; Jaramillo-Ochoa's delivery of 29 kilograms; and a statement by Cano to the undercover agent to the effect that the rest of the cocaine was enroute. The transcript of Cano's conversation with the agent indicates only that Cano confirmed that "the others," presumably Carlos and Jaramillo, were on their way. When the agent said to Cano, "This time on this price but no more at this price," Cano replied, "Well, you talk to him." While this evidence does not prove that Cano knew that the conspiracy involved 30 kilos of cocaine, it was not clearly erroneous to conclude on the basis of this evidence that Cano reasonably could have foreseen that "the others" might be carrying a larger quantity. See Torres-Rodriguez, 930 F.2d at 1388-89. Therefore, the district court did not err in calculating Cano's base offense level on the basis of all 30 kilos. See id.
 
 II. Downward Departure for Aberrant Behavior
 
 7
 Cano and Jaramillo-Ochoa contend that the district court erred by ruling that it could not, under the facts of this case, find their criminal conduct sufficiently aberrant to warrant a downward departure under the Guidelines. The government contends that we lack jurisdiction to consider this claim of error because a district court's discretionary refusal to depart downwards on the basis of aberrant behavior is not subject to review.
 
 
 8
 The government is correct that a discretionary decision not to depart downward from the applicable guideline range is not subject to review. 18 U.S.C. § 3742(a); United States v. Dickey, 924 F.2d 836, 839 (9th Cir.1990), cert. denied, 112 S.Ct. 383 (1991). We may, however, review a sentencing court's determination that there are no facts to support a finding of aberrant behavior. United States v. Morales, No. 91-50513, slip op. 4161, 4167-68 (9th Cir. April 17, 1992).
 
 
 9
 Aberrant behavior is a permissible basis for departure under the Guidelines. U.S.S.G., Ch. 1, Pt. A, intro. comment. (n. 4(d)); Morales, slip op. at 4167. The departure should not be granted to all first time offenders because the Guidelines already adjust sentences based on a defendant's criminal history. Dickey, 924 F.2d at 838; see U.S.S.G., Ch. 1, Pt. A, intro. comment. (n. 4(d)). Nevertheless, a departure "is available to a first time offender who has been convicted of one aberrant criminal act," Morales, slip op. at 4168. If the district court determines that the defendant is a first time offender and that the criminal conduct constitutes a single act, it should look to the totality of the circumstances to determine whether a departure for aberrant behavior is justified. United States v. Takai, 941 F.2d 738, 743 (9th Cir.1991).
 
 
 10
 Here, the district court judge recognized that as a general matter he had discretion to grant a departure on the ground of aberrant behavior, but ruled that the facts before him did not constitute aberrant behavior:
 
 
 11
 The Ninth Circuit has discussed the cases [on aberrant behavior] on the two extremes, and this case obviously fits somewhere between the two extremes. The question is where.
 
 
 12
 I'm going to try and make this ruling. And I'm not sure I can, but I want to make it so it's appealable.... And I'm not, in making this ruling, doing it as a matter of discretion. I'm doing it based on the facts that are in the record before me....
 
 
 13
 ... I'm going to hold, as a matter of law, based on the facts I have before me, that under these facts, under what I will concede are ... very undefined limits of what aberrant behavior means, that under these facts there is not aberrant behavior as to either defendant.
 
 
 14
 Again, I'm not exercising my discretion. I'm merely stating that as a matter of law, the facts are not aberrant behavior.
 
 
 15
 Therefore, I will not depart based on these facts.
 
 
 16
 We construe the district court's ruling as a determination that there are insufficient facts to support a finding of aberrant behavior in this case. We review that factual determination for clear error. See Morales, slip op. at 4168.
 
 
 17
 Cano and Jaramillo-Ochoa each made one delivery of cocaine. There is no evidence that their involvement went beyond delivering the cocaine. The district court found that they were essentially couriers, and decreased their offense levels based on minimal participation pursuant to U.S.S.G. § 3B1.2(a). Their conduct constituted a single act for purposes of considering whether the conduct was aberrant. See Takai, 941 F.2d at 743.
 
 
 18
 Jaramillo-Ochoa is twenty-four years old, has no prior arrests or convictions, and has a record of steady employment. His employer of four and a half years submitted a letter expressing confidence in him and a willingness to rehire him if he were able to return to work. Several other persons submitted letters on Jaramillo-Ochoa's behalf vouching for his character, some of them expressing surprise and dismay that he had become involved in criminal activity. Cano is twenty-two years old and also has no prior criminal history and has worked at several relatively unskilled jobs, though he was unemployed at the time of his arrest. Although appellants are first time offenders and their participation in the conspiracy consisted of a single act, in light of the totality of the circumstances, the district court did not clearly err in finding that these facts were insufficient to establish that their criminal conduct was aberrant. See Morales, slip op. at 4167-68; Takai, 941 F.2d at 743.
 
 
 19
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Cano's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Circuit R. 36-3