976 F.2d 738
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gabriel Jaime JARAMILLO-OCHOA, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Albaro CANO, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gabriel Jaime JARAMILLO-OCHOA, Defendant-Appellant.
 No. 91-50619.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 26, 1991.*
Decided Sept. 23, 1992.
Order Sept. 21, 1992.
 
 1
 Before FARRIS, DAVID R. THOMPSON and FERNANDEZ, Cir. Judges.
 
 
 2
 MEMORANDUM**
 
 
 3
 Gabriel Jaramillo-Ochoa appeals his sentence under the Sentencing Guidelines following his conviction by guilty plea to conspiracy to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. He contends that the district court erred by failing to consider a downward departure on the ground that his offense was an isolated act of aberrant behavior. We have jurisdiction under 28 U.S.C. § 1291, and vacate the sentence and remand for resentencing.
 
 
 4
 Jaramillo-Ochoa contends that the district court erred by ruling that it could not, under the facts of this case, find his criminal conduct sufficiently aberrant to warrant a downward departure under the Guidelines. The government contends that we lack jurisdiction to consider this claim of error because a district court's discretionary refusal to depart downward on the basis of aberrant behavior is not subject to review.
 
 
 5
 The government is correct that a discretionary decision not to depart downward from the applicable guideline range is not subject to review. 18 U.S.C. § 3742(a); United States v. Dickey, 924 F.2d 836, 839 (9th Cir.1990), cert. denied, 112 S.Ct. 383 (1991). We may, however, review a sentencing court's determination that there are no facts to support a finding of aberrant behavior. United States v. Morales, 961 F.2d 1428, 1431 (9th Cir.1992), amended, slip op. 9725 (Aug. 12, 1992).
 
 
 6
 Aberrant behavior is a permissible basis for departure under the Guidelines. U.S.S.G., Ch. 1, Pt. A, intro. comment. (n. 4(d)); Morales, 961 F.2d at 1431. The departure should not be granted to all first time offenders because the Guidelines already adjust sentences based on a defendant's criminal history. Dickey, 924 F.2d at 838; see U.S.S.G., Ch. 1, Pt. A, intro. comment. (n. 4(d)). Nevertheless, a departure "is available to a first time offender who has been convicted of one aberrant criminal act," Morales, 961 F.2d at 1431. If the district court determines that the defendant is a first time offender and that the criminal conduct constitutes a single act, it should look to the totality of the circumstances to determine whether departure for aberrant behavior is justified. United States v. Takai, 941 F.2d 738, 743 (9th Cir.1991).
 
 
 7
 Here, the district judge recognized that as a general matter he had discretion to grant a departure on the ground of aberrant behavior, but ruled that the facts before him did not constitute aberrant behavior:
 
 
 8
 The Ninth Circuit has discussed the cases [on aberrant behavior] on the two extremes, and this case obviously fits somewhere between the two extremes. The question is where.
 
 
 9
 I'm going to try and make this ruling. And I 'm not sure I can, but I want to make it so it's appealable.... And I'm not, in making this ruling, doing it as a matter of discretion. I'm doing it based on the facts that are in the record before me. ...
 
 
 10
 ... I'm going to hold, as a matter of law, based on the facts I have before me, that under these facts, under what I will concede are ... very undefined limits of what aberrant behavior means, that under these facts there is not aberrant behavior as to either defendant.
 
 
 11
 Again, I'm not exercising my discretion. I'm merely stating that as a matter of law, the facts are not aberrant behavior. Therefore, I will not depart based on these facts.
 
 
 12
 [Emphasis added.]
 
 
 13
 We construe the district court's ruling as a determination that as a matter of law there were insufficient facts to support a finding of aberrant behavior in this case. We review that factual determination for clear error. See Morales, 961 F.2d at 1432.
 
 
 14
 Jaramillo-Ochoa made one delivery of cocaine. There is no evidence that his involvement went beyond delivering the cocaine. The district court found that he was essentially a courier, and decreased his offense level based on minimal participation pursuant to U.S.S.G. § 3B1.2(a). His conduct constituted a single act for purposes of considering whether the conduct was aberrant. See Takai, 941 F.2d at 743.
 
 
 15
 Jaramillo-Ochoa is twenty-four years old, has no prior arrests or convictions, and has a record of steady employment. His employer of four and a half years submitted a letter expressing confidence in him and a willingness to rehire him if he were able to return to work. Several other persons submitted letters on Jaramillo-Ochoa's behalf vouching for his character, some of them expressing surprise and dismay that he had become involved in criminal activity. Thus, he is a first time offender and his participation in the conspiracy consisted of a single act.
 
 
 16
 In Morales we addressed just this kind of situation and held:
 
 
 17
 Reviewing the district court's alternate justification that there are no facts to support a finding of aberrant behavior in this case, we conclude that the district court committed clear error.... Morales had no criminal history and was convicted of one isolated criminal act. There is no evidence whatsoever in the record that Morales was a regular participant in an on-going criminal enterprise or that he has been convicted of several unrelated illegal acts.
 
 
 18
 961 F.2d at 1432.
 
 
 19
 Given that decision, we are constrained to hold that the district court committed clear error in this case also. As a result, Jaramillo-Ochoa's sentence must be vacated so that the district court can determine whether on the facts of this case it "wishes to exercise its discretion to depart downward on the basis of aberrant behavior." Id.
 
 
 20
 Sentence VACATED and REMANDED for resentencing.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3