990 F.2d 1265
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jesus TRUJILLO-ACOSTA, Defendant-Appellant.
 No. 92-30224.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 23, 1993.*
Decided April 7, 1993.
 
 Before WALLACE, Chief Judge, and FARRIS and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jesus Trujillo-Acosta appeals his 97-month sentence imposed following entry of a guilty plea to possession with intent to distribute cocaine in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1). Trujillo-Acosta contends the district court erroneously believed it lacked authority to depart downward from the applicable Sentencing Guidelines sentencing range on the basis of "imperfect entrapment" by the government. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 
 3
 Although a district court's discretionary refusal to depart downward from the Guidelines is not reviewable on appeal, we review de novo its legal determination that it lacked authority to depart. United States v. Belden, 957 F.2d 671, 676 (9th Cir.), cert. denied, 113 S.Ct. 234 (1992). We have previously held that imperfect entrapment may not form the basis for a downward departure from the applicable Guidelines sentencing range. United States v. Takai, 941 F.2d 738, 744 (9th Cir.1991); United States v. Dickey, 924 F.2d 836, 839 (9th Cir.), cert. denied, 112 S.Ct. 383 (1991).
 
 
 4
 To the extent that Trujillo-Acosta requests us to reconsider our cases holding that imperfect entrapment may not form a basis for downward departure, we note that a panel not sitting en banc may not overturn Ninth Circuit precedent. See Nichols v. McCormick, 929 F.2d 507, 510 n. 5 (9th Cir.1991), cert. denied, 112 S.Ct. 1226 (1992); United States v. Aguilar, 883 F.2d 662, 690 n. 25 (9th Cir.), cert. denied, 111 S.Ct. 751 (1991).
 
 
 5
 Accordingly, we affirm the district court's determination that it lacked discretion to depart downward on the basis of imperfect entrapment. See Dickey, 924 F.2d at 839.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, appellant's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3