50 F.3d 17
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Brian Everett MALONE, Defendant-Appellant.
 No. 93-10317.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 21, 1995.*
Decided March 23, 1995.
 
 Before: SNEED, POOLE, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Brian Everett Malone appeals his 73-month sentence imposed following a guilty plea to conspiracy to possess with intent to distribute methamphetamine in violation of 21 U.S.C. Secs. 846 and 841(a)(1). Malone contends that the district court erred by granting, pursuant to U.S.S.G. Sec. 5K1.1, a 25% reduction of his sentence, instead of the 50% reduction stipulated in the plea agreement. Malone also contends the government breached the plea agreement by failing to recommend that his sentence be reduced by 50% and by recommending that Malone be incarcerated prior to sentencing. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 I. Extent Of Departure
 
 3
 A district court's discretionary decision not to depart downward is not reviewable on appeal. United States v. Morales, 972 F.2d 1007, 1011 (9th Cir.1992), cert. denied, 113 S.Ct. 1665 (1993). A defendant is also not permitted to challenge on appeal the extent of departure. United States v. Dickey, 924 F.2d 836, 838 (9th Cir.), cert. denied, 112 S.Ct. 383 (1991); United States v. Vizcarra-Angulo, 904 F.2d 22, 23 (9th Cir.1990).
 
 
 4
 Accordingly, notwithstanding Malone's argument that the district court erred in reducing his sentence only 25%, instead of the 50% reduction referenced in the plea agreement, we lack jurisdiction to review the degree of departure granted. See Dickey, 924 F.2d at 838.
 
 II. Breach Of Plea Agreement
 
 5
 Whether the government violated the terms of the plea agreement is reviewed de novo. United States v. Meyers, 32 F.3d 411, 413 (9th Cir.1994) (per curiam). Findings regarding the terms of a plea agreement are reviewed for clear error. United States v. Sharp, 941 F.2d 811, 816 (9th Cir.1991).
 
 
 6
 Malone contends the government breached its agreement to recommend a 50% reduction in sentence for substantial assistance under U.S.S.G. Sec. 5K1.1. Malone's plea agreement, however, stated that the government "agrees to recommend that the defendant receive up to a 50% reduction of defendant's sentence if he provides substantial assistance to law enforcement" (emphasis added). A plea agreement is contractual in nature and is measured by contract law standards. United States v. De La Fuente, 8 F.3d 1333, 1337 (9th Cir.1993). In construing an agreement, the court must determine what the defendant reasonably understood to be the terms of the agreement when he pleaded guilty. See id. The plea agreement obligated the government to recommend any reduction up to 50%, and only if the government determined that Malone had provided substantial assistance. Thus, the district court did not clearly err in finding that government was not required by the agreement to recommend a 50% reduction. See Sharp, 941 F.2d at 816.
 
 
 7
 Moreover, in recommending only a 25% reduction in sentence, the government stated that the information Malone had provided did not amount to substantial assistance. "Section 5K1.1 deliberately removes from judges the determination of whether or not a given quantum of assistance is substantial, and leaves the decision to prosecutors." United States v. Burrows, 36 F.3d 875, 884 (9th Cir.1994). In the absence of arbitrariness or unconstitutional motivation, the district court must abide by the government's decision. See id. The government recommended a downward departure to reward Malone for the assistance he did provide. Because the discretionary decision to recommend a 25% reduction in sentence was not unconstitutionally motivated, the district court properly considered the government's recommendation. Id.
 
 
 8
 Malone also contends that the government breached the plea agreement by requesting he be incarcerated prior to trial, which prevented him from providing substantial assistance. The government initially recommended that Malone remain out of custody pending sentence to facilitate the substantial assistance provision of the plea agreement. Malone, however, violated the conditions of his release and a Pretrial Services officer petitioned for his remand into custody. The government only joined the Pretrial Services' recommendation. Thus, Malone's own actions, not a government breach, prevented him from providing further assistance to the government. Furthermore, Malone was out of custody for ten weeks following his guilty plea and failed to provide substantial assistance to the government's satisfaction. The district court found that the 25% reduction in sentence recommended by the government was generous in light of the assistance provided by Malone. The district court's finding was not clearly erroneous. See Sharp, 941 F.2d at 816.
 
 
 9
 Accordingly, the district court properly granted the government's recommendation for a 25% reduction in Malone's sentence.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3