61 F.3d 913
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Eugene J. LIPKIN, Defendant-Appellant
 No. 94-10438.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 13, 1995.*
Decided July 17, 1995.
 
 Appeal from the United States District Court for the Northern District of California, No. CR-93-20129-RMW; Ronald M. Whyte, District Judge, Presiding.
 N.D.Cal.
 VACATED AND REMANDED.
 Before: Hall, Wiggins, and Leavy, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellant Eugene Lipkin pled guilty to two counts of failure to pay tax in violation of 26 U.S.C. Sec. 7203. Each count carried a maximum term of imprisonment of 12 months. Lipkin was sentenced to a total of 17 months in prison: the maximum 12 months on Count I, four additional months on Count II, and one additional month for contempt of court. Lipkin also was given a 12-month term of supervised release. He now appeals his sentence.
 
 
 3
 Lipkin confines his challenge to the one-month sentencing "enhancement" he received for contempt of court.[1] He correctly points out that the Sentencing Guidelines contain no provision for enhancing a defendant's sentence for contempt of court. He argues that contempt of court is a separate statutory offense and must be punished, if at all, as such. We agree. The Guidelines contain no mechanism by which a district court may punish a defendant's contempt simply by enhancing his sentence for another, unrelated offense. Instead, the Guidelines treat contempt as a separate, independent offense. See U.S.S.G. 2J1.1 (1993). Moreover, even if the Guidelines did offer a contempt enhancement, its application in this case would be error. Lipkin already received the maximum sentence on Count I, the only count in the Indictment subject to the Sentencing Guidelines.[2] Therefore a one-month "enhancement" would result in a sentence in excess of the maximum.
 
 
 4
 None of this is to say that Lipkin's contempt of court was not punishable. See 18 U.S.C. Sec. 401 (authorizing courts to punish contempt by fine or imprisonment); 18 U.S.C. Sec. 3148 (providing that a violation of a release condition is subject to a contempt prosecution). However, if the district court wished to punish Lipkin's contempt, it had to follow the procedures set forth in Fed. R. Crim. P. 42(b). Id. (requiring notice, hearing, a specific finding of guilt, and an order fixing punishment). The government admits that Rule 42(b) was not "strictly" observed in this case. See Brief of Appellee at 15. That spells the end of our inquiry. Lipkin's sentence cannot stand. The sentence is VACATED and REMANDED for resentencing.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); Circuit Rule 34-4
 
 
 **
 This panel unanimously agrees that this case is appropriate for submission without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 [1]
 By letter brief, the parties have informed us that Appellant recently was released from prison and currently is serving his term of supervised release. Appellant's release does not moot this appeal because the extra one-month sentence he received for contempt potentially could have the collateral consequence of enhancing his criminal history category under the Sentencing Guidelines in some future case. See United States v. Dickey, 924 F.2d 836, 838 (9th Cir. 1991); U.S.S.G. Sec. 4A1.2(c)(1) (1994)
 
 
 [2]
 Count II of the Indictment was based on acts committed before November 1, 1987, when the Sentencing Guidelines took effect