103 F.3d 143
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Daniel Jay OSTIN, Defendant-Appellant.
 No. 95-30379.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 4, 1996.*
Decided Nov. 6, 1996.
 
 Appeal from the United States District Court for the Eastern District of Washington, No. CR-95-00194-1-RHW; Robert H. Whaley, District Judge, Presiding.
 E.D.Wash.
 REMANDED.
 Before: WRIGHT, BRUNETTI and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ostin appeals the district court's refusal to depart downward from the applicable guideline range. Because we are unable to determine from the record whether the court exercised its discretion or concluded that it lacked discretion, we remand for clarification.
 
 ANALYSIS:
 
 3
 Ostin alleged that his mental and emotional condition removed this case from the "heartland" represented by the applicable guideline range. A court may depart from the guidelines if "there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission." 18 U.S.C. § 3553(b); U.S.S.G. § 5K2.0. Mental and emotional conditions are not ordinarily relevant, id. § 5H1.3, but may be considered if present to an unusual degree. Id. § 5K2.0.
 
 
 4
 The court's reasons for refusing to depart are unclear. It noted that the sentence mandated by the guidelines "inadequately" reflected Ostin's mental condition, and that Ostin's "turning to the bank was caused by [his] mental condition." However, the court also stated that it could not "consider mental condition in the ordinary case" and determined: "I don't find from my knowledge of the law that I could find that your bank robbery ... is so far outside of the " 'Heartland.' "[1] The judge concluded: "I've ruled that I cannot depart, [and] that's an issue of law that raises an issue of substance for appeal."
 
 
 5
 The rationale for refusing to depart carries significant consequences on appeal: we review de novo a district court's conclusion that it lacks discretion to depart, United States v. Shrestha, 86 F.3d 935, 939 (9th Cir.1996), but lack jurisdiction to review a discretionary refusal to depart, United States v. Morales, 898 F.2d 99, 101 (9th Cir.1990).
 
 
 6
 Because we are unable to determine whether the district court's ruling was discretionary or legal, we must remand for clarification. United States v. Eaton, 31 F.3d. 789, 793 (9th Cir.1994); United States v. Dickey, 924 F.2d 836, 839 (9th Cir.), cert. denied, 502 U.S. 943 (1991).
 
 
 7
 REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The judge, however, had earlier indicated unfamiliarity with the "heartland" concept by asking counsel: "is there a case that I can read that discusses this theory of departure?"