124 F.3d 214
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gabriel RODRIGUEZ, Defendant-Appellant.
 No. 96-50411.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 12, 1997.**
 
 Appeal from the United States District Court for the Southern District of California; No. CR-96-00380-IEG; Irma E. Gonzalez, District Judge, Presiding.
 Before: HALL, BRUNETTI, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Gabriel Rodriguez appeals his 27-month sentence imposed following his guilty plea to possession and importation of marijuana in violation of 21 U.S.C sss 952, 960, and 841(a)(1). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 I. Minor/Minimal Participation, U.S.S.G. § 3B1.2(a)
 
 
 4
 Rodriguez contends the district court erred in not granting a downward adjustment for minimal participation pursuant to U.S.S.G. § 3B1.2(a).
 
 
 5
 We review for clear error the district court's determination of the defendant's minimal role in the offense. See United States v. Felix, 87 F.3d 1057, 1061 (9th Cir.1996). A downward adjustment for minimal participation is intended to be used infrequently. See U.S.S.G. § 3B1.2, comment. (n.2) (1995); id. A downward adjustment for minimal participation would be appropriate for someone whose role was limited to offloading a single marijuana shipment. See id.
 
 
 6
 Here, Rodriguez's automobile had been outfitted with visible sophisticated secret compartments. The district court reasoned that these built-in compartments indicated that Rodriguez may not have intended to involve himself in only one shipment of marijuana. See id. Because the district court's determination is not clearly erroneous, see Felix, 87 F.3d at 1061, we affirm the decision that Rodriguez was a minimal participant. See id.
 
 
 7
 II. Acceptance of Responsibility, U.S.S.G. § 3E1.1
 
 
 8
 Rodriguez contends that the district court erred by not granting him a downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1 Rodriguez argues that he accepted that the situation seemed illegal, although he did not admit to knowing there were drugs in the secret compartment in the car. In addition, Rodriguez points out that he pled guilty.
 
 
 9
 We review district court denials of acceptance of responsibility adjustments for clear error. See United States v. Melvin, 91 F.3d 1218, 1227 (9th Cir.1996); United States v. Gonzalez, 897 F.2d 1018, 1019 (9th Cir.1990). A limited acceptance of responsibility is not sufficient to qualify for an adjustment under U.S.S.G. § 3E1.1. See United States v. Arias-Villanueva, 998 F.2d 1491, 1513 (9th Cir.1992); United States v. Morales, 972 F.2d 1007, 1010 (9th Cir.1992) (defendant denied acceptance of responsibility adjustment where he was truthful when questioned about his plea but denied knowledge of the methamphetamine.) A guilty plea does not entitle a defendant to an acceptance of responsibility adjustment as a matter of.right. See U.S.S.G. § 3E1.1, comment (note 3) (1995); United States v. Morales, 972 F.2d 1007, 1010 (9th Cir.1992).
 
 
 10
 Here, the district court found that Rodriguez only accepted responsibility for driving the car across the border. While Rodriguez admitted that he strongly suspected that there was a secret compartment in the car, he did not admit that he knew about the marijuana. The facts established that the compartment was visible to passengers inside the car. Given this evidence, the district court's refusal to depart for acceptance of responsibility was not clearly erroneous. See Melvin, 91 F.3d at 1227. Rodriguez's guilty plea does not automatically entitle him to the adjustment. See Morales, 972 F.2d at 1010.
 
 III. Aberrant Behavior
 
 11
 We lack jurisdiction to review the district court's discretionary decision not to depart for aberrant behavior. See United States v. Morales, 898 F.2d 99, 103 (9th Cir.1990) and see United States v. Dickey, 924 F.2d 836, 839 (9th Cir.1991).
 
 
 12
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3