LUCERO, Circuit Judge,
concurring.
I concur in the majority holding, but I write separately concerning the issue of mootness. The defendants have served their sentences in full, and the possibility that they will face longer sentences in the future based on their criminal history points is too speculative to save the government’s sentence challenges from mootness. Yet, I conclude that this controversy is live because the defendants could either be extradited or could voluntarily return to the United States.
I
' In order for a controversy to be justiciable, it must be “definite and concrete, touching the legal relations of parties having adverse legal interests.” Aetna Life Ins. Co. v. Hayworth, 300 U.S. 227, 240, 57 S.Ct. 461, 81 L.Ed. 617 (1937). If the parties do not have a genuine stake in the outcome of a case, or if the threat of injury is merely hypothetical or conjectural, the case fails to establish a justiciable case or controversy. See City of Los Angeles v. Lyons, 461 U.S. 95, 101-02, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983). A criminal case is not moot if resolution of the disputed issue could have “collateral legal consequences.” Sibron v. New York, 392 U.S. 40, 57, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968); see Carafas v. LaVallee, 391 U.S. 234, 237-38, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968).
A
When viewed in the context of the Supreme Court’s recent decision in Spencer v. Kemna, 523 U.S. 1, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998), the collateral consequence of additional criminal history points the government invokes to overcome mootness is too speculative to overcome such a finding. The government argues that if a defendant should return to the United States and be arrested for a new crime, he could receive a longer sentence based on the additional criminal history points he would receive if the government prevails in this appeal.
Relying in part on constitutional separation of powers concerns, the Supreme Court in Spencer, 523 U.S. at---, 118 S.Ct. at 983-85, declined to presume the existence of collateral consequences in the context of parole revocation. In the process, the Court cast into doubt the practice of using highly *1060 speculative collateral consequences to stave off mootness in other contexts. This reasoning is applicable to challenges to the duration of fully served sentences. The Spencer Court found moot a habeas petitioner’s challenge to the revocation of his parole — after the petitioner had completed serving both his jail and parole terms — because -the petitioner faced no collateral consequences from the allegedly improper parole revocation. See id. at-, 118 S.Ct. at 986-87. The Court rejected as too speculative the possibility that the petitioner’s parole revocation could affect future parole determinations should he be rearrested. Even though the petitioner had already in fact been rearrested on a new offense at the time the Court ruled, future parole determinations still remained “a possibility rather than a certainty or even a probability,” and hence too speculative to overcome mootness. Id. at-, 118 S.Ct. at 986. The Court also found too speculative the possibility that parole revocation could be used to increase the length of a future sentence or as evidence in subsequent proceedings. Id. at 986-87. Spencer concludes that the risk of injury to a party’s interest must not be excessively remote if such a contingency is to keep the controversy alive. Id. at-, 118 S.Ct. at 986.
In Lane v. Williams, 455 U.S. 624, 102 S.Ct. 1322, 71 L.Ed.2d 508 (1982), cited with approval in Spencer, see 523 U.S. at-, 118 S.Ct. at 986, the Court held that habeas petitioners’ challenges to the constitutionality of mandatory parole terms that had been accepted pursuant to plea bargains were moot because petitioners — who had both been re-jailed for parole violations — had finished serving their sentences and parole terms. See 455 U.S. at 624-25, 102 S.Ct. 1322. The Lane Court overturned the Seventh Circuit’s conclusion that future consequences of such parole revocation decisions constitute collateral consequences that could overcome mootness. See id. at 631-33, 102 S.Ct. 1322. The Court rejected the argument that a parole revocation could harm future employability, noting that a prospective employer would haye discretion whether to give weight to a prior parole revocation. See id. at 632-33, 102 S.Ct. 1322. The Court also rejected the argument that a parole revocation could affect the duration of a future sentence or parole eligibility, finding that such consequences would be contingent on a petitioner’s rearrest and reconviction and on the discretion of the judge or parole authority. See id. at 632-33 n. 13, 102 S.Ct. 1322.
The possibility that the defendants before us today will be subject to longer future sentences — a possibility the government invokes to support a finding of a live controversy — is no less speculative than the consequences at issue in Spencer and Lane. It presumes that defendants will re-enter the country and commit another crime. Not only is this highly speculative, it is contrary to the presumption that an individual will act in accordance with the law. See Spencer, 523 U.S. at -, 118 S.Ct. at 987 (quoting O’Shea v. Littleton, 414 U.S. 488, 497, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974)); Royal College Shop v. Northern Ins. Co., 895 F.2d 670, 682 (10th Cir.1990) (citing NLRB v. Shawnee Indus., 333 F.2d 221, 225 (10th Cir.1964)). Although the majority cites numerous cases to support the proposition that the possibility of a longer future sentence, based on an increase in criminal history points, keeps a case alive, see United States v. Cottman, 142 F.3d 160, 165 (3rd Cir.1998); United States v. Kassar, 47 F.3d 562, 565 (2d Cir.1995); United States v. Chavez-Palacios, 30 F.3d 1290, 1293 (10th Cir.1994); United States v. Fadayini 28 F.3d 1236, 1241 (D.C.Cir.1994); United States v. Dickey, 924 F.2d 836, 838 (9th Cir.1991), for the reasons stated, I believe that the Court’s decision in Spencer trumps these cases.
B
In United States v. Villamonte-Marquez, 462 U.S. 579, 581 n. 2, 103 S.Ct. 2573, 77 L.Ed.2d 22 (1983), however, the Supreme Court specifically held that a government appeal was not moot where defendants who had been deported to Mexico could either be extradited to or could somehow voluntarily re-enter the United States to serve their sentences. While there appears to be some tension between Spencer and Villamonte-Marquez, I nevertheless conclude, on the basis of Villamonte-Marquez, that the possi *1061 bility of defendants’ extradition to or voluntary return to the United States saves the government’s sentence challenges from mootness. See Villamonte-Marquez, 462 U.S. at 581 n. 2, 103 S.Ct. 2573.
II
I join in the remainder of the majority opinion. I add only that I do not fault the trial courts for the compassion and mercy that underlie their actions. That sentiment notwithstanding, the Sentencing Guidelines preclude the relief fashioned here. To the extent that the Guidelines are inadequate to credit such concern, corrective action must come from the Sentencing Commission, not from this court.