UNITED STATES of America, Plaintiff—Appellee,

v.

Marcos MEJIA–MUNOZ, a/k/a Marcos Mejia, Marcos Mejia Munoz, Marcias Munoz Mejia, Freddie Lira, Alfredo Rodriguez Lira, Alfredo Rodriguez Lira and Alfredo Lika, Defendant—Appellant.

No. 04–50199.

United States Court of Appeals, Ninth Circuit.

Argued April 5, 2005.

Submission Deferred April 7, 2005.

Submitted Sept. 16, 2005.

Decided Sept. 16, 2005.

Sean Lokey, USLA-Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Jonathan D. Libby, Deputy FPD, FPDCA-Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before: T.G. NELSON, W. FLETCHER, and BEA, Circuit Judges.

MEMORANDUM *

Marcos Mejia–Munoz appeals the district court's denial of his motion for downward departure, as well as a term of his supervised release. We would ordinarily dismiss the first issue for lack of jurisdiction. However, in light of *United States v. Ameline*,[1] we must remand. We dismiss the second issue on ripeness grounds.

Contrary to Mejia–Munoz's argument, the basis of the district court's decision to deny his downward departure motion was clear. The court twice stated that it recognized its discretion and that it chose not to exercise that discretion. The court's statements distinguish this case from *United States v. Dickey*,[2] on which Mejia–Munoz relies. Accordingly, this panel lacks jurisdiction over this issue and would, ordinarily, dismiss it.[3]

■ We do not dismiss this issue because, after the district court's decision, the United States Supreme Court held that the Sentencing Guidelines are not mandatory.[4] We cannot determine from the record whether the district court would have imposed a materially different sentence had it known that the Guidelines were advisory rather than mandatory. Therefore, under *Ameline*, we remand for the limited purpose of making that determination.[5] In fulfilling this mandate, the district court may hold such hearings and enter such orders as it determines to be necessary, including, without limitation, modifying or vacating its previous sentence.

■ As to the constitutionality of the supervised release term in question, we

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. 409 F.3d 1073, 1084 (9th Cir.2005) (en banc).

2. 924 F.2d 836, 838–39 (9th Cir.1991) (reversing because record did not establish whether court knew of its discretion).

3. *See id.* at 839.

4. *See United States v. Booker,* —— U.S. ——, 125 S.Ct. 738, 756–57, 764, 160 L.Ed.2d 621 (2005).

5. *See Ameline,* 409 F.3d at 1084.

conclude that, although Mejia–Munoz did not waive the issue,[6] it is constitutionally unripe. Only if Mejia–Munoz breaks the uncontested law prohibiting reentry could the term in question apply to him. Thus, no case or controversy currently exists.[7] Moreover, even if Mejia–Munoz could somehow satisfy the case and controversy requirement, this issue would still not be ripe for review because he has not invoked his Fifth Amendment privilege against self-incrimination and has not had his invocation dishonored.[8] Accordingly, we dismiss the second issue.

REMANDED IN PART FOR FURTHER PROCEEDINGS; DISMISSED IN PART.

---

**6.** *See United States v. Perez,* 116 F.3d 840, 845 (9th Cir.1997) (en banc) (distinguishing between waiver and forfeiture and noting that a defendant must have "intentionally relinquished or abandoned a known right" to waive it for purposes of appeal) (citing *United States v. Olano,* 507 U.S. 725, 733, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993)).

**7.** *See O'Shea v. Littleton,* 414 U.S. 488, 496, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974) (finding no case or controversy where "the prospect of future injury rest[ed] on the likelihood that respondents" would violate a valid criminal law).

**8.** *See Communist Party of the United States v. Subversive Activities Control Bd.,* 367 U.S. 1, 107, 81 S.Ct. 1357, 6 L.Ed.2d 625 (1961) (finding case unripe where the Fifth Amendment privilege alleged had neither been claimed nor dishonored).

