**UNITED STATES of America,
Plaintiff–Appellant,**

v.

**Thomas Everett FAIRLESS,
Jr., Defendant–Appellee.**

**No. 91–30344.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 9, 1992.

Decided Sept. 21, 1992.

---

* The Honorable William L. Dwyer, United States District Judge for the Western District of Washington, sitting by designation.

Michael Mosman, Asst. U.S. Atty., Portland, Or., for plaintiff-appellant.

John A. Wetteland, Jr., Portland, Or., for defendant-appellee.

Before: TANG, FERGUSON, and THOMPSON, Circuit Judges.

FERGUSON, Circuit Judge:

The United States appeals a judgment of the district court sentencing Thomas Everett Fairless to 30 months imprisonment. The government contends that the district court erred in departing downward from the applicable Sentencing Guideline range. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

## BACKGROUND

On March 8, 1991, defendant-appellee Thomas Fairless entered a bank wearing a ski mask and brandishing an unloaded nine-millimeter gun. Fairless ordered everyone but the bank tellers to lie on the floor. He then approached each teller and ordered him or her to put money into a brown paper bag. Fairless left the bank with $10,-652.00. He was arrested in the parking lot of his apartment building shortly thereafter.

The Probation Department calculated Fairless's base offense level as 20, pursuant to U.S.S.G. § 2B3.1(a) (Nov.1990), and gave him a two-level increase because the bank qualified as a financial institution under U.S.S.G. § 2B3.1(b)(1) (Nov.1990), a three-level increase for brandishing the gun during the robbery under U.S.S.G. § 2B3.1(b)(2)(C) (Nov.1990), and a one-level increase for stealing more than $10,000 under U.S.S.G. § 2B3.1(b)(6)(B) (Nov.1990), for a final Adjusted Offense Level of 26. With a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1, Fairless's total offense level was calculated as 24. Based on his lack of a prior criminal record, the Probation Department calculated his Criminal History Category as Category I, producing an applicable Sentencing Guideline range of 51 to 63 months. The district court confirmed these calculations at the time of sentencing.

At the sentencing hearing, Fairless requested a downward departure on the ground that he suffered from manic depression. The government objected.

The district court concluded that a downward departure was warranted, and departed from offense level 24 to level 19, where the sentencing range is 30 to 37 months. In granting the departure, the court stated:

> The case of *U.S. v. Takai* gives me an alternate basis for departure under [U.S.S.G. § 5K2.0]
>
> .    .    .    .    .
>
> Now, let's just kind of go through an analysis of this. First of all, this is the first offense of any kind—but everyone who has a criminal history has had a first offense. And that is a factor that has been considered by the guidelines.
>
> Now, it's a part of the consideration they give in reaching these sentencing ranges and criminal history categories and so you are in Category 1 because of that. I also note that it's part of the convergence of factors that I may consider in determining whether or not there is aberrant behavior. Certainly if you had several previous times, that would not look very aberrant to have a successive one. What I find is that for whatever reason, chemically, mentally or whatever, you have a certain series of unfortunate events in your life involving the amount of time and effort that you put into your education, the amount of time and effort that you put into your work. And then you had very unfortunate circumstances in the losing of your job. You were having hard financial circumstances

which were brought upon you. Many of them, as you said in your statement, occurred just prior to this event. And although the manic-depressive diagnosis standing alone is not a departure grounds under 5K2.13 where we do have a violent crime, it is one of the factors that I can consider in the convergence of factors under [§ 5K2.0].

In this case, the letters from your family, friends, the professionals that have looked upon your condition, the behavior that you exhibited at the bank came as a complete shock to everyone that knew you. I think that is a word used several times in different letters.

I further find that the extent of the crazed behavior within the bank was really not so much an aggression toward the bank but toward yourself. I am not sure but what you were not trying to commit suicide. If you had run across a police officer in the bank, it may well have worked. So I look upon this behavior as being somewhat indicative of your suicidal nature.

There is one thing that you should remember and if they haven't already told you, several members of your family have written me saying that they had no concept of this pressure that you were under. And given the chance, if you had gone to them, why they would have helped you.

One of the factors that I need to consider is the look upon you by society and the look upon society by you and by the people that know you best. And those people are steadfast with you. And they are your future source of help to you in your life.

Now, all of these taken together pursuant to the standards that I read in *U.S. v. Takai* lead me to the basis for this departure.

The court then sentenced Fairless to a prison term of 30 months plus a three-year period of supervised release. In the court's written order, the court stated:

The court finds that, in the exercise of its discretion, departure from the guidelines is warranted under 5K2.0 in recog-

nition of the convergence of factors which demonstrate aberrant behavior. The court departs downward to a Total Offense Level of 19, for a guideline range of 30–37 months.

## ANALYSIS

■ In reviewing the district court's decision to depart from the applicable guideline range,

[w]e determine de novo whether the district court identified the mitigating circumstance and review under a clearly erroneous standard whether this circumstance actually existed. We review de novo whether the circumstance was adequately considered by the Sentencing Commission. We review for an abuse of discretion whether the circumstance should result in departure and whether the extent of departure was unreasonable.

*United States v. Takai*, 941 F.2d 738, 742 (9th Cir.1991). In examining the extent of departure, "[w]e give weight to the district court's choice within a permissible range. Reversal is required only if the choice is 'unreasonable' in light of the standards and policies incorporated in the Act and the Guidelines." *United States v. Lira–Barraza*, 941 F.2d 745, 751 (9th Cir.1991) (en banc).

The government contends that the district court did not identify an authorized ground for departure based upon sufficient facts. We disagree.

A sentencing court may depart from the applicable Sentencing Guideline range if it finds "that there exists a[ ] ... mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." 18 U.S.C. § 3553(b); *see also* U.S.S.G. Ch. 1., Pt. A, 4(b); U.S.S.G. § 5K2.0; *Takai*, 941 F.2d at 742. In *Takai*, we noted:

The Commission ... "intends the sentencing courts to treat each guideline as carving out a 'heartland,' a set of typical cases embodying the conduct that each guideline describes. When a court finds

an atypical case, one to which a particular guideline linguistically applies but where conduct significantly differs from the norm, the court may consider whether a departure is warranted." U.S.S.G. Ch. 1, Pt. A, 4(b). Race, sex, national origin, creed, religion, socioeconomic status, and the defendant's physical condition are factors that a court cannot take into account. "With those specific exceptions, however, the Commission does not intend to limit the kinds of factors, whether or not mentioned anywhere else in the Guidelines, that could constitute grounds for departure in an unusual case." *Id.* *Takai*, 941 F.2d at 742. *See also* U.S.S.G. § 5K2.0 ("The controlling decision as to whether and to what extent departure is warranted can only be made by the courts.... [T]he court may depart from the guidelines, even though the reason for departure is taken into consideration in the guidelines (*e.g.*, as a specific offense characteristic or other adjustment), if the court determines that, in light of unusual circumstances, the guideline level attached to that factor is inadequate.").

Here, the district court stated that it was departing downward under U.S.S.G. § 5K2.0,[1] as permitted under *Takai*, on the ground that Fairless's offense was a single act of aberrant behavior. The court based its finding of "aberrant behavior" on a "convergence of factors."

■ A single act of aberrant behavior may be a mitigating circumstance justifying a downward departure from the applicable Guideline range. *See United States v. Dickey*, 924 F.2d 836, 838 (9th Cir.1991), *cert. denied*, —— U.S. ——, 112 S.Ct. 383, 116 L.Ed.2d 334 (1991); *see also Takai*, 941 F.2d at 743 (the fact that defendants' conduct constitutes "single acts of aberrant behavior" is grounds for downward departure). In determining whether an offense constitutes a single act of aberrant behavior, the reviewing court looks to the totality of circumstances. *Takai*, at 743. We have held that "there is an 'aberrant behavior spectrum' in terms of which aberrant be-

havior is to be determined." *Takai*, 941 F.2d at 743 (citing *Dickey*, 924 F.2d at 839). At one end of the spectrum lies a case such as one considered by the First Circuit, involving "the driver of an armored truck who, as the result of a bank error, had a bag containing $80,000 in cash literally dumped in his lap. In a spontaneous act the driver temporarily yielded to the temptation to keep the money, but shortly thereafter confessed his wrongdoing, returned his share of the loot, and cooperated fully in the subsequent investigation." *Dickey*, 924 F.2d at 839 (citing *United States v. Russell*, 870 F.2d 18, 20–21 (1st Cir.1989)). The facts of the case warranted a finding of aberrant behavior. *Id.* At the other end of the spectrum lies a case such as one considered by the Seventh Circuit, in which a defendant "engaged in a check-kiting scheme over a period of at least fifteen months.... [T]he defendant's actions could not be characterized as aberrant behavior because they consisted of hundreds of overt acts taking place over a prolonged period of time." *Id.* (citing *United States v. Carey*, 895 F.2d 318, 325 (7th Cir.1990)). In *Dickey*, a case which lies somewhere between these two extremes, the defendant was convicted of printing counterfeit $20 bills in violation of 18 U.S.C. § 471. *Dickey*, 924 F.2d at 837. In *Takai*, which also lies somewhere along the spectrum, the defendants were convicted of conspiracy and bribing an INS official. We upheld the district court's finding of aberrant behavior based upon a number of factors: lack of pecuniary gain, conduct of a government agent influencing the defendants to commit the crime, and charitable deeds performed by one of the defendants. *Takai*, 941 F.2d at 742–43.

Comparing these cases to the case at bar, we conclude that Fairless's conduct falls within the spectrum of aberrant behavior. Fairless's conduct was more spontaneous than that of the defendants in *Takai* and *Dickey*. It required less planning, occurred within a shorter time frame, and consisted more literally of a "single act" than did either of those cases. The district

1. On several occasions, the district court erroneously referred to U.S.S.G. § 5K2.0 as § 5K2.10.

court determined that Fairless's conduct constituted "aberrant behavior" based on a "convergence of factors": (1) the robbery was Fairless's first criminal offense, (2) Fairless suffered from manic depression, (3) the fact that he committed the robbery with an unloaded gun indicated that Fairless was suicidal, (4) Fairless was under extreme pressure from a combination of circumstances, including the fact that he had recently lost his job, and (5) the court had received numerous letters from Fairless's family and friends stating that the robbery was "a complete shock" and out of character. Except perhaps the finding that Fairless was suicidal, the district court's findings are adequately supported by the record. The district court did not abuse its discretion in determining, based on the totality of the circumstances, that the robbery was a single act of aberrant behavior.

 *The Government's Case.* The government contends that a "single act of aberrant behavior" is a permissible ground for departure only to probationary sentences. To support this contention, the government points to the fact that *Takai, Dickey,* and most of the cases from other circuits dealing with departures for "aberrant behavior" involve requests for departures to probationary sentences. However, we find nothing in these cases suggesting that aberrant behavior can be grounds for a downward departure *only* where the resulting sentence is probation.

The government also points to the Sentencing Commission's statement that it "has not dealt with the single acts of aberrant behavior that still may justify probation at higher offense levels through departures." U.S.S.G. Ch. 1, Pt. A, 4(d). This statement also fails to support the government's argument. U.S.S.G. Ch. 1, Pt. A, 4(d) deals with probation and split sentences. The subpart begins with the Commission's observation that, under the pre-

ceding sentencing practice, courts sentenced to probation "an inappropriately high percentage of offenders guilty of certain economic crimes ... that in the Commission's view are 'serious.'" *Id.* The Commission goes on to state that its "solution to this problem has been to write guidelines that classify as serious many offenses for which probation previously was frequently given and provide for at least a short period of imprisonment in such cases." *Id.* The Commission then describes how the guidelines work with respect to a first offender for offense levels one through twelve, specifying that for offense levels seven through twelve, the sentence must include some kind of confinement. The Commission then states: "The Commission, of course, has not dealt with the single acts of aberrant behavior that still may justify probation at higher offense levels through departures." *Id.* In essence, this is a reminder that in spite of the guideline requiring imprisonment for certain offenses which, in the past, often received probation, single acts of aberrant behavior may still be grounds for departure downward. Nothing in this statement suggests that aberrant behavior may justify departure *only* if the resulting sentence is probation. To the contrary, the phrase "of course" suggests that a "single act[ ] of aberrant behavior" is a permissible ground for departure throughout the Guidelines.[2]

 The government also contends that the district court, in departing downward on the ground that Fairless's offense was a "single act of aberrant behavior," erred by "'converg[ing]' factors already considered by the Sentencing Commission rather than [relying] on a number of circumstances upon which a departure could independently be based." In essence, the government maintains that each factor considered by the district court must be an independent

---

**2.** Section 5K2.0 also suggests that courts should reason by analogy from one guideline to the next: "[A] factor may be listed as a specific offense characteristic under one guideline but not under all guidelines. Simply because it was not listed does not mean that there may not be circumstances when that factor would be rele-

vant to sentencing. For example, the use of a weapon has been listed as a specific offense characteristic under many guidelines, but not under immigration violations. Therefore, if a weapon is a relevant factor to sentencing for an immigration violation, the court may depart for this reason." U.S.S.G. § 5K2.0.

basis for departure. Other circuits have adopted this approach. *See United States v. Rosen,* 896 F.2d 789, 792 (3rd Cir.1990); *United States v. Williams,* 891 F.2d 962, 964, 966 (1st Cir.1989). These cases are distinguishable, however. In *Rosen* and *Williams,* the sentencing court departed on the basis of a combination of factors; the court of appeals reversed because it found that these factors, taken separately, had all been taken into consideration by the Guidelines. In the present case, however, the district court departed because it found, based on a combination of factors, that the offense was a *single act of aberrant behavior* which warranted departure. A single act of aberrant behavior is itself a mitigating circumstance not taken into account by the Guidelines. *See Takai,* 941 F.2d at 743; U.S.S.G. Ch. 1, Pt. A, 4(d). In *Takai,* the sentencing court relied on a combination of factors in concluding that the defendants' offenses were single acts of aberrant behavior. Although in *Takai* we noted that each factor independently justified departure, our decision did not rest on that basis. We held that we examine "the totality of circumstances in determining whether there were single acts of aberrant behavior by the defendants that justify departure." *Takai,* 941 F.2d at 743.

More important, as discussed above, the language of the Guidelines supports the district court's decision to depart. The Guidelines state:

> When a court finds an atypical case, one to which a particular guideline linguistically applies but where conduct significantly differs from the norm, the court may consider whether a departure is warranted. Section 5H1.10 (Race, Sex, National Origin, Creed, Religion, and Socio–Economic Status), the third sentence of § 5H1.4 (Physical Condition Including Drug Dependence and Alcohol Abuse), and the last sentence of § 5K2.12 (Coercion and Duress) list several factors that the court cannot take into account as grounds for departure. With those specific exceptions, however, *the Commission does not intend to limit the kinds of factors, whether or not mentioned anywhere else in the guide-lines, that could constitute grounds for departure in an unusual case.*

U.S.S.G. Ch. 1, Pt. A, 4(b) (emphasis added). The Guidelines also state that "the court may depart from the guidelines, even though the reason for departure is taken into consideration in the guidelines ... if the court determines that, in light of unusual circumstances, the guideline level attached to that factor is inadequate." U.S.S.G. § 5K2.0.

*Conclusion.* A single act of aberrant behavior is a mitigating circumstance not taken into consideration by the Guidelines which warrants departure. Here, the district court relied on a number of factors in concluding that Fairless's offense was a single act of aberrant behavior. The district court's factual findings were not clearly erroneous, and the court did not abuse its discretion in determining that, based on the totality of circumstances, Fairless's conduct fell within the spectrum of aberrant behavior. The sentence actually imposed was reasonable and not an abuse of discretion. *See Takai,* 941 F.2d at 742.

The judgment of the district court is AFFIRMED.