985 F.2d 576
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellant,
v.
Jose Luis SOSA-RIVERA, Defendant-Appellee.
 No. 92-50272.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 27, 1993.*
Decided Feb. 2, 1993.
 
 Before REINHARDT, CYNTHIA HOLCOMB HALL and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The United States appeals the sentence imposed on Jose Luis Sosa-Rivera following his guilty plea to possessing with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1). The government contends the district court erred by departing from the 21-27 month range prescribed by the Sentencing Guidelines to sentence appellee to straight probation without proper grounds and without articulating facts to support the departure. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We have established a three-part test for evaluating a district court's decision to depart from the presumptively applicable Guidelines range. United States v. Lira-Barazza, 941 F.2d 745, 746-47 (9th Cir.1991) (en banc). First, we determine de novo whether the district court identified an aggravating or mitigating circumstance not taken into account by the Sentencing Commission. Id. at 746. Second, we review for clear error the district court's factual findings supporting the existence of the aggravating circumstances. Id. Third, we review for abuse of discretion whether the extent of the departure was "unreasonable." Id. at 747; see also United States v. Floyd, 956 F.2d 203 (9th Cir.1992).
 
 
 4
 We have recognized that "the role in the drug trade played by 'mules' may constitute a mitigating circumstance of a kind or to a degree that the Sentencing Commission did not take into consideration in formulating the Guidelines." United States v. Valdez-Gonzalez, 957 F.2d 643, 650 (9th Cir.1992). Moreover, "the Guidelines recognize that a first offense may constitute a single act of truly aberrant behavior justifying a downward departure." United States v. Morales, 972 F.2d 1007, 1011 (9th Cir.1992) (quoting United States v. Dickey, 924 F.2d 836, 838 (9th Cir.), cert. denied, 112 S.Ct. 383 (1991)); see also United States v. Takai, 941 F.2d 738, 743 (9th Cir.1991). The finding that a defendant's behavior was aberrant may be based on a "convergence of factors." United States v. Fairless, 975 F.2d 664, 667 (9th Cir.1992) (appellant's lack of criminal history, letters of support, loss of employment, and diagnosis of manic depression supported departure to 30 months from prescribed range of 51-63 months).
 
 
 5
 Sosa-Rivera, a legal alien, was arrested at the San Ysidro, California Port of Entry after he attempted to drive a van laden with marijuana across the Mexico-United States border. A former girlfriend had offered him $1,000 to perform this service. Sosa-Rivera cited medical expenses associated with his father's catastrophic illness to explain his conduct. The district court also considered letters of support, Sosa-Rivera's unblemished record, his role in the crime, the likelihood that, if Sosa-Rivera were incarcerated, his wife and infant son would go on welfare, and the fact that, if Sosa-Rivera were released, he could return to full time employment immediately and permanently.
 
 
 6
 Before imposing sentence, the district court observed that "this [was Sosa-Rivera's] first offense" (SER at 5) and that "he'[d] never been arrested before" (SER at 7). "[A] guy like this ... has a future, but because he makes one mistake the Guidelines kick in and he's had it" (SER at 6).
 
 
 7
 The district court concluded, "based upon [Valdez-Gonzalez ], ... where the defendant simply becomes a mule ... whatever the reasoning was there, it's the same here, that the defendant is simply no more than a mule and, therefore, ... the court is going to depart downward and put the defendant on probation" (SER at 7-8). After securing a promise that Sosa-Rivera would return to work, the district court sentenced him to five years' probation.
 
 
 8
 Our prior decisions and the Guidelines explicitly authorize departures based on a defendant's role as "mule" or "aberrant behavior". Although the district court did not speak the words "aberrant behavior," we have no trouble concluding, based on the sentencing transcript, that this factor, as well as Sosa-Rivera's role in the crime, motivated its action. We also discern no abuse of discretion in the extent of the departure. Because the Guidelines do not give specific examples of "single acts of aberrant behavior," there is no recognized analogy. U.S.S.G. Ch. 1, Pt. A, intro. 4(d). Moreover, we have upheld comparable departures in other cases. See, e.g., Valdez-Gonzalez, 957 F.2d at 645 (33 months below bottom of prescribed Guidelines range); Fairless, 975 F.2d at 665 (21 months below bottom of prescribed Guidelines range).
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3