21 F.3d 1119
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellant,
v.
James Thomas TRAVERSINO, Defendant-Appellee.
 No. 93-50539.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 23, 1994.*
Decided March 29, 1994.
 
 Before: FLETCHER, BRUNETTI, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The United States ("government") appeals the district court's decision to suspend imposition of sentence and instead impose a five-year term of probation on defendant James Thomas Traversino. Traversino pleaded guilty to three counts of bank robbery, in violation of 18 U.S.C. Sec. 2113(a). We review de novo. United States v. Lira-Barraza, 941 F.2d 745, 746 (9th Cir.1991) (en banc). We vacate and remand for resentencing with instructions that the case be reassigned to another district judge.
 
 
 3
 * Background
 
 
 4
 Applying the Sentencing Guidelines, the probation officer who prepared Traversino's presentence report calculated an offense level of 24 and a criminal history of Category IV, which resulted in a sentencing range of 77-96 months. Before sentencing, Traversino filed a position paper challenging the calculation of his criminal history score and requesting a sentence at the low end of the sentencing range; Traversino did not request a downward departure from that range. At the sentencing hearing on June 14, 1993, the district court agreed with the government that Traversino had a criminal history of Category IV. Defense counsel then requested that Traversino be sentenced to 77 months of imprisonment, the low end of the applicable sentencing range.
 
 
 5
 Instead, the district court sua sponte decided to depart downward from the sentencing range. The district court suspended the imposition of sentence, placed Traversino on probation for five years, and required him to perform 1500 hours of community service. This sentence represented a 21-level downward departure from the sentencing range mandated by the Guidelines. To explain its departure, the district court stated:
 
 
 6
 I am going to depart downward on this, and the reason for it is because the sentencing guidelines, as created, were creating [sic] by averaging all of the sentences that were taken in a particular category in the last ten years before the application of the sentencing guidelines in making the sentence range for each crime.
 
 
 7
 I find that there are no average defendants, and this is not an average defendant, and therefore the sentencing guidelines do not apply to this defendant as the sentencing commission has considered the guidelines.
 
 
 8
 When the government objected to the sentence, the district court invited an appeal, stating: "If I had a ticket, I would give you a ticket to Pasadena. You can go over there and object to them." This appeal followed.
 
 II
 Discussion
 
 9
 The government contends that the district court erred by departing downward twenty-one levels from the applicable Sentencing Guideline range without (1) identifying an authorized basis for departure and (2) providing a reasoned explanation of the extent of the departure. We agree.
 
 
 10
 A sentencing court may depart from the applicable Sentencing Guideline range if it finds "that there exists a[n aggravating or] mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described."
 
 
 11
 United States v. Fairless, 975 F.2d 664, 666 (9th Cir.1992) (quoting 18 U.S.C. Sec. 3553(b)). Nevertheless, departure is appropriate only in the "unusual case." United States v. Nuno-Para, 877 F.2d 1409, 1413 (9th Cir.1989) (quoting U.S.S.G. Ch. 1, Pt. A, Sec. 4(b)). Moreover, the district court is obligated to state its reasons for imposing a sentence that departs from the applicable guideline range. 18 U.S.C. Sec. 3553(c)(2). The district court's explanation for a departure:
 
 
 12
 must be sufficiently specific so that this court can engage in the meaningful review envisioned under Sec. 3742 of the [Sentencing Reform] Act, which provides that a sentence should be set aside by this court if it departs unreasonably from the Guidelines' recommended sentence.
 
 
 13
 United States v. Wells, 878 F.2d 1232, 1233 (9th Cir.1989) (per curiam) (citing 18 U.S.C. Sec. 3742(e)); see also Nuno-Para, 877 F.2d at 1414 (district court's explanation for a departure must refer to the specific facts of the case; a general expression of dissatisfaction with the Sentencing Guidelines will not suffice).
 
 
 14
 Here, the district court's conclusory statements that "there are no average defendants," and that Traversino "is not an average defendant," are insufficient to support its 21-level downward departure. The district court failed to identify any mitigating circumstance of a kind or to a degree not adequately considered by the Sentencing Commission in formulating the Guidelines. See Fairless, 975 F.2d at 666; Lira-Barraza, 941 F.2d at 746. Because the district court failed to articulate specific reasons to support its departure from the applicable sentencing range, we cannot engage in the meaningful appellate review required by 18 U.S.C. Sec. 3742(e). See Wells, 878 F.2d at 1233.[1]
 
 
 15
 Accordingly, we vacate Traversino's sentence and remand with instructions that the case be reassigned to another district judge for resentencing. On remand, if the district court decides to depart from the sentencing range mandated by the Guidelines, the court should make detailed findings describing both the basis for such departure and the extent of the departure. See Fairless, 975 F.2d at 666; Lira-Barraza, 941 F.2d at 751 (district court's findings "should include a reasoned explanation of the extent of the departure founded on the structure, standards and policies of the [Sentencing Reform] Act and the Guidelines").
 
 
 16
 SENTENCE VACATED; REMANDED FOR RESENTENCING WITH INSTRUCTIONS THAT THE CASE BE REASSIGNED IN ACCORDANCE WITH LOCAL COURT RULES.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The government argues that no unusual or compelling facts exist to support a downward departure. Traversino disagrees, and suggests various circumstances that the district court might have considered in deciding to depart downward, including: his employment history, family situation, and potential for rehabilitation. Because the district court failed to make the requisite findings to support the departure, we cannot review the parties' arguments. We therefore express no opinion regarding whether there are grounds for a downward departure in this case