24 F.3d 250
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellant,
v.
Anthony Charles GUARINO; Timothy Richard Guarino; Paul
Eller Riggin, Jr., Defendants-Appellees.
 No. 93-30211.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 9, 1994.
Decided April 21, 1994.
 
 Before: HUG, HALL, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The United States appeals the sentences imposed under the Sentencing Guidelines on Anthony Charles Guarino, Timothy Richard Guarino, and Paul Eller Riggin, Jr. in connection with their respective guilty pleas to armed bank robbery and using a firearm during a violent crime. The government argues that the district court erred in departing downward from the applicable guideline range on the basis of the defendants' "lack of youthful guidance" and "aberrant behavior." We remand for reconsideration in light of the district court's impermissible reliance on lack of youthful guidance as a factor in departing downward. We also remand for more specific factual findings to substantiate a departure for aberrant behavior.
 
 I.
 
 3
 The Sentencing Commission enacted section 5H1.12 to prohibit departure from the applicable guideline range on the basis of lack of youthful guidance. The provision, effective November 1, 1992, provides that "[l]ack of guidance as a youth and similar circumstances indicating a disadvantaged upbringing are not relevant grounds for imposing a sentence outside the applicable guideline range." The Ninth Circuit has recently recognized that this new section is a "definite change" to the preexisting law in this circuit, and that a court may no longer depart from the applicable guideline range due to lack of youthful guidance. See United States v. Johns, 5 F.3d 1267, 1270 (9th Cir.1993).
 
 
 4
 In this case, the district court stated that it was departing downward because "... the defendant experienced a lack of youthful guidance which contributed to this offense." Since the defendants' sentencing date was April 23, 1993, well after the effective date of the amendment, the district court did not have authority to depart based on lack of youthful guidance.
 
 
 5
 "[O]nce the court of appeals has decided that the district court misapplied the Guidelines, a remand is appropriate unless the reviewing court concludes, on the record as a whole, that the error was harmless, i.e. that the error did not affect the district court's selection of the sentence imposed." Williams v. United States, 112 S.Ct. 1112, 1120-21 (1992). It is clear from the record that the district court erred in relying on lack of youthful guidance as a factor in departing downward. However, the extent to which the district court departed because of lack of youthful guidance, as opposed to its other stated reason, aberrant behavior, cannot be determined from the record. Therefore, it cannot be said that the district court's error was harmless, and we vacate the sentences imposed and remand the case for further sentencing proceedings.
 
 II.
 
 6
 The government concedes that aberrant behavior is recognized as a mitigating circumstance which may be used as a basis for downward departure. We have taken an especially broad view of the type of behavior that might be considered "aberrant" under the guidelines, recognizing that there is an "aberrant behavior spectrum" in terms of which aberrant behavior is to be determined. Compare United States v. Takai, 941 F.2d 738, 743-44 (9th Cir.1991) (two crimes of conspiracy and offering money sufficiently related to make it a single act of aberrant behavior) with United States v. Carey, 895 F.2d 318, 325 (7th Cir.1990) (check-kiting scheme spanning 15-month period not aberrant behavior).
 
 
 7
 In reviewing departures based on aberrant behavior, we must examine the totality of the circumstances. See Takai, 941 F.2d at 743-44 (bribing INS officials constituted aberrant behavior after considering "constellation of factors," including 1) defendants did not commit offense for profit, 2) INS official's conduct influenced defendants to continue in criminal course, and 3) one defendant had performed acts of benevolence in past); United States v. Fairless, 975 F.2d 664, 668 (9th Cir.1992) (armed robbery was aberrant based on "convergence of factors", including 1) robbery was defendant's first offense, 2) defendant suffered from manic depression, 3) defendant was under extreme financial pressure, and 4) court had received letters stating robbery was "out of character").
 
 
 8
 In this case, the parties dispute exactly what findings the district court made when it departed downward due to aberrant behavior. Appellant argues that the district court's factual findings consisted solely of its oral comments at sentencing and its written findings in its Statement of Reasons. These findings were: 1) the defendants did something out of character, and 2) their criminal history would not have predicted their current offense.[1]
 
 
 9
 These findings are insufficient to uphold an aberrant behavior departure. Although the Fairless court found aberrant behavior when the defendant was a first offender and his act of committing armed robbery was out of character, it did not rely on these factors alone. 975 F.2d at 668 (defendant also suffered from manic depression, and was under extreme financial pressure). We would extend Fairless too far in affirming an aberrant behavior departure where the only showing has been that the defendant is a first offender and his conduct was out of character. Moreover, no circuit has ever found these reasons alone to be adequate to support a finding of aberrant behavior. See e.g., Takai, 941 F.2d at 747; Carey, 895 F.2d at 325-26.
 
 
 10
 Appellee, however, contends that the factual findings include the district court's adoption of the facts in the presentence reports. The additional facts set out in the presentence reports were that the defendants were under a great deal of financial pressure, and their family and friends were shocked at defendants' behavior. Even if we infer that the district court adopted these additional facts, we still cannot determine which specific findings were used to depart downward for aberrant behavior. Furthermore, the presentence reports themselves do not provide the requisite connection between the facts and the aberrant behavior departure.[2] Therefore, we remand to the district court to make specific findings as to what facts warrant a departure due to aberrant behavior.
 
 
 11
 REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Anthony Guarino and Paul Riggin both have prior misdemeanor convictions. However, there is no evidence that Timothy Guarino has any prior convictions
 
 
 [2]
 The presentence reports indicate that the "probation officer has no information concerning the offense or the offender factors which would warrant a departure from the prescribed sentencing guidelines."