61 F.3d 913
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellant,
v.
Anthony Charles GUARINO; Timothy Richard Guarino; Paul Eller
Riggin, Jr., Defendants-Appellees.
 No. 94-30403.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 27, 1995.*
Decided July 18, 1995.
 
 Before: HUG, HALL and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 We remanded this case to allow the district court to make specific factual findings to support its downward departures from the Sentencing Guidelines for the defendants' aberrant behavior. The district court has made factual findings and exercised its discretion again to depart downward for aberrant behavior. While we agree with the government that the district court considered one impermissible factor, we nevertheless affirm the sentences based on the remaining permissible factors.
 
 
 3
 The district court found that each defendant "was under severe financial pressure" at the time the bank robbery was committed. The district court placed this factor in the mix of factors supporting its downward departure. But a court may not place factors into the mix which are "expressly prohibited[] by the Sentencing Guidelines." United States v. Koon, 34 F.3d 1416, 1452 (9th Cir. 1994). The guidelines reject explicitly the consideration of "personal financial difficulties." United States Sentencing Commission Guidelines Manual Sec.5K2.12. We must therefore remove this factor from the mix.
 
 
 4
 We reject the government's argument that Anthony Guarino's (Anthony) and Paul Riggin's prior criminal behavior rendered them ineligible for an aberrant behavior downward departure.[1] We have approved an aberrant behavior downward departure for a defendant whose criminal record was not pristine. United States v. Lam, 20 F.3d 999, 1003 (9th Cir. 1994). In Lam, we stressed that a "consistent criminal" would be ineligible for the downward departure. Id. at 1004. We are not willing to characterized Anthony and Riggin's prior criminal conduct as so "consistent" to foreclose an aberrant behavior departure, nor do we find that the nature of their prior offenses lead to the conclusion that their present bank robbery was anything but aberrant. See id.
 
 
 5
 The government also contends that an aberrant behavior departure is inappropriate in this case because the defendants' conduct was not a "spontaneous, seemingly thoughtless, and unreflexive act," but was instead "the result of substantial planning." Contrary to the government's suggestion, this court has never held that aberrant behavior must be unplanned. As we wrote in Lam: "Some courts have insisted that to be truly aberrant the behavior must be a single spontaneous or thoughtless act that involves no planning .... We, however, have not been so restrictive." Id. at 1003 (internal citation omitted). Furthermore, we have upheld an aberrant behavior departure in a case where the defendants were convicted in a conspiracy that endured over an eight-day period. See United States v. Takai, 941 F.2d 738 (9th Cir. 1991), cert. denied, 113 S. Ct. 1665 (1993). Here, the defendants were not "regular participant[s] in an ongoing criminal enterprise." United States v. Morales, 972 F.2d 1007, 1011 (9th Cir. 1992). We agree, therefore, with the district court that the defendants engaged in a "single act" for purposes of an aberrant behavior departure.
 
 
 6
 At this point we must decide whether the permissible factors identified by the district court are sufficient to support an aberrant behavior departure given the totality of the circumstances. We conclude they are. Although we are troubled by the violence of the defendants' actions, we agree with the district court that the defendants' bank robbery falls outside the heartland of armed bank robberies accounted for by the Sentencing Guidelines. When we consider all the permissible factors identified by the district court, we find the defendants' actions to be within the type of behavior our precedents have described as aberrant. See Lam, 20 F.3d at 999; United States v. Fairless, 975 F.2d 664 (9th Cir. 1992); Takai, 941 F.2d at 738; United States v. Dickey, 924 F.2d 836 (9th Cir.), cert. denied, 502 U.S. 943 (1991). Moreover, we find that the extent of the departure is reasonable for each defendant even after we remove the impermissible factor from the mix. See 18 U.S.C. Sec. 3742(e)(3) and (f)(2). Therefore, the sentences are AFFIRMED.
 
 
 7
 CYNTHIA HOLCOMB HALL, Circuit Judge, dissenting.
 
 
 8
 I dissent. In my view, nothing about the defendants' conduct supports a conclusion that their bank robbery falls outside the heartland of armed bank robberies accounted for by the Sentencing Guidelines. Never before have we approved an aberrant behavior departure in a case as violent as the present one. In sharp contrast to the situation in United States v. Fairless, 975 F.2d 664 (9th Cir. 1992), the only bank robbery case in which we have upheld such a departure, here multiple defendants entered a bank with a loaded shotgun and one of the defendants, armed with a stun gun, repeatedly inflicted physical injury upon a bank employee. As in Fairless, the offenses committed by the defendants in United States v. Morales, 972 F.2d 1007 (9th Cir. 1992), United States v. Takai, 941 F.2d 738 (9th Cir. 1991), cert. denied, 113 S. Ct. 1665 (1993) and United States v. Dickey, 924 F.2d 836 (9th Cir.), cert. denied, 502 U.S. 943 (1991) were nonviolent. Similarly, the offense in United States v. Lam, 20 F.3d 999 (9th Cir. 1994), although technically a crime of violence, was committed by a defendant who was entirely unaware of his offense. Because I believe that the constellation of factors identified by the district court are insufficient to support an aberrant behavior departure in the context of this case, I would reverse and remand for resentencing.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Timothy Guarino has no criminal convictions