81 F.3d 170
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jesus CORRALES-MONTANEZ, a/k/a Luis Valdez-Montanez,
Defendant-Appellant.
 No. 95-10060.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 12, 1995.
Decided April 5, 1996.
 
 Before: REINHARDT, THOMPSON AND O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Jesus Corrales-Montanez appeals from his conviction and sentence for attempting to possess with the intent to distribute ten pounds of methamphetamine. We have jurisdiction over this timely appeal under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Corrales-Montanez argues the district court should have dismissed the indictment against him because of "outrageous government conduct." See United States v. Montoya, 45 F.3d 1286, 1299-1300 (9th Cir.), cert. denied, --- U.S. ----, 116 S.Ct. 67 (1995). According to Corrales-Montanez, the indictment was supported by information supplied by an informant who was compensated on a contingency fee basis, and contingency fee agreements for informants violate due process. Corrales-Montanez relies on our decision in United States v. Solorio, 37 F.3d 454 (9th Cir.1994), withdrawn, 43 F.3d 1334 (1995), and superseded, 53 F.3d 341 (1995), where we stated that a fee arrangement for an informant which hinges payment upon conviction violates due process by creating improper incentives to the informant to be dishonest in testimony.
 
 
 4
 Solorio is not good law in this circuit. The case has been withdrawn. Even were Solorio good law, its reasoning would be inapplicable to Corrales-Montanez's case. Here the informant was paid contingent upon his participation in the drug bust that caught Corrales-Montanez. The factors considered in determining the informant's compensation were the type of violator arrested, the amount of contraband involved, and the nature of any assets seized. The informant was paid in full upon Corrales-Montanez's arrest. Although the informant testified, he did not receive any additional compensation for testifying or for Corrales-Montanez's conviction. Contrary to Corrales-Montanez's characterization, this does not amount to an improper "contingency fee arrangement."
 
 
 5
 Corrales-Montanez also argues the district court erroneously refused to reduce his sentence under the Sentencing Guidelines "safety valve," which allows the district court to disregard the mandatory minimum sentence for a crime and apply instead the defendant's Guideline range sentence. U.S.S.G. § 5C1.2. This argument is meritless. Corrales-Montanez was not an appropriate candidate for "safety valve" departure. The mandatory minimum sentence was ten years. 21 U.S.C. § 841(b)(1). Corrales-Montanez's Guideline sentence range was 151-188 months. The district court sentenced him within this Guideline range to 160 months. Thus, he was sentenced under the Sentencing Guidelines, not according to the mandatory minimum. The "safety valve" provision of the Guidelines is inapplicable.
 
 
 6
 We also reject Corrales-Montanez's argument that the district court erred in denying him a downward departure for aberrant behavior. See United States v. Fairless, 975 F.2d 664, 667 (9th Cir.1992). Corrales-Montanez had bought and transported large amounts of methamphetamine in the past, and during the transaction for which he was convicted he attempted to negotiate an ongoing enterprise for methamphetamine sales with the informant. The conduct which resulted in his conviction and sentence was not "aberrant behavior."
 
 
 7
 Nor did the district court err in declining to grant Corrales-Montanez a two-level reduction for acceptance of responsibility. Guidelines § 3E1.1, Application Note 2, provides:
 
 
 8
 This adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse. Conviction by trial, however, does not automatically preclude a defendant from consideration for such a reduction. In rare situations a defendant may clearly demonstrate an acceptance of responsibility for his criminal conduct even though he exercises his constitutional right to a trial. This may occur, for example, where a defendant goes to trial to assert and preserve issues that do not relate to factual guilt (e.g., to make a constitutional challenge to a statute or a challenge to the applicability of a statute to his conduct). In each such instance, however, a determination that a defendant has accepted responsibility will be based primarily upon pre-trial statements and conduct.
 
 
 9
 Corrales-Montanez argues that when he went to trial and raised the defense of "outrageous government conduct," he was asserting the type of issue not related to factual guilt, which is the kind of issue contemplated by the Application Note to section 3E1.1. We disagree. Corrales-Montanez first raised the outrageous government conduct issue after the government closed its case-in-chief, when he moved for judgment of acquittal under Rule 29. By putting the government to its proof and asserting the outrageous government conduct defense, Corrales-Montanez attempted to place the blame for his conduct on the confidential informant and the government. Such a defense is inconsistent with acceptance of responsibility.
 
 
 10
 We have reviewed all of the other issues raised by Corrales-Montanez, and conclude none of them has any merit.
 
 
 11
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3