85 F.3d 639
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert Dean SKILES, Defendant-Appellant.
 No. 95-56449.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 30, 1996.*
Decided May 6, 1996.
 
 Before: BROWNING, REINHARDT and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Federal prisoner Robert Dean Skiles appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion to vacate his bank robbery sentence on the ground that he was denied effective assistance of counsel at sentencing because his counsel failed to seek a downward departure in sentence for aberrant behavior. We have jurisdiction under 28 U.S.C. § 2255 and affirm.[1]
 
 
 3
 Skiles contends his counsel should have sought a further downward departure in sentence for aberrant behavior because after being a law abiding citizen his whole life, he committed fourteen bank robberies over eighteen months when he had lost his business, needed to support two families, and fell into depression. However, our de novo review indicates the district court correctly concluded that Skiles was provided with constitutionally adequate representation and was not prejudiced since his counsel presented this evidence to the court in obtaining a sentence for Skiles at the lowest end of the guideline range, and Skiles did not show that he could have obtained a downward departure based on his eighteen months of aberrant behavior. See Strickland v. Washington, 466 U.S. 668, 687 (1984); United States v. Fairless, 975 F.2d 664, 667 (9th Cir.1992).
 
 Therefore, the district court is
 
 4
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Because we affirm the denial of relief under the former version of 28 U.S.C. § 2255, we do not consider whether the Antiterrorism and Effective Death Penalty Act of 1996 applies to this appeal