95 F.3d 1160
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellant,
v.
Joaquin TORRES, Defendant-Appellee.
 No. 95-50490.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 7, 1996.*
Decided Aug. 28, 1996.
 
 Before: REINHARDT, HALL, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The government contends that the district court erred in granting Torres a two-level adjustment for acceptance of responsibility and in departing downward seven levels for aberrant behavior. We AFFIRM.
 
 
 3
 The record reflects significant evidence establishing acceptance of responsibility. Before the start of trial, Torres pled guilty and admitted the elements of the offense with which he was charged. See United States v. Vance, 62 F.3d 1152, 1159 (9th Cir.1995) (citing entry of plea of guilty before trial and truthful admission of elements of the offense as "significant evidence" to establish acceptance of responsibility).[1] That Torres pled guilty without a plea bargain, see id. at 1160, and that he expressed remorse for his actions, see United States v. Gonzalez, 16 F.3d 985, 991 (9th Cir.1995), provide additional evidence of acceptance of responsibility. Accordingly, the decision of the district court to grant Torres a two-level reduction for acceptance of responsibility was not clearly erroneous.
 
 
 4
 The parties agree that aberrant behavior is a permissible basis for departure. See United States v. Dickey, 924 F.2d 836, 838 (9th Cir.), cert. denied, 502 U.S. 943 (1991) ("[T]he Guidelines recognize that a first offense may constitute a single act of truly aberrant behavior justifying a downward departure.") (citing Guidelines Manual, Ch. 1, Part A, Introduction, para. 4(d)). The facts of this case certainly fall in between the two extremes of the spectrum in which aberrant behavior is determined, United States v. Fairless, 975 F.2d 664, 667 (9th Cir.1992). Here, as in United States v. Takai, 941 F.2d 738 (9th Cir.1991), there was more than an absence of prior convictions to support a finding of aberrant behavior. See id. at 743 (noting that one defendant had acted irrationally and that his self-contradictory position was "rightly viewed as an aberration," and that another had "stumbled into something, awkwardly, naively and with insufficient reflection on the seriousness of the crime she was proposing" and that her "action was aberrant"). We therefore conclude that the district court did not abuse its discretion in departing on the basis of aberrant behavior.
 
 
 5
 As to the extent of departure, a district court cannot be expected to analogize to another specific Guidelines category when it is departing downward on the basis of aberrant behavior. It can only look to the structure and overall purposes of the Guidelines, and determine the appropriate number of levels to depart in light thereof. Here, the district court concluded that a seven-level departure would result in the type of sentence justified by the factors involved. Such a conclusion is consistent with the approach described above. Accordingly, we cannot say that the district court's decision to depart downward seven levels was unreasonable. See United States v. Sablan, No. 94-10534, 1996 WL 400146, at * 2 (stating that "the magnitude of a departure is subject to review for abuse of discretion," and that "[u]ltimately, of course, the statute requires that the sentence not be 'unreasonable' ") (citing 18 U.S.C. § 3742(f)(1)(2)); see also Williams v. United States, 503 U.S. 193, 203 (1992) (stating that "reasonableness determination looks to the amount and extent of the departure in light of the grounds for departing").
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The government contends that Torres never admitted an element of the offense--that he knew the checks were counterfeit when he deposited them and intended to deceive the banks. This contention is belied by the district court's finding at the time the plea was accepted. See Vance, 62 F.3d at 1158 ("The finding at the time the plea was accepted therefore compels the inference that Vance had 'truthfully admitt[ed] the conduct comprising the offense of conviction,' for purposes of U.S.S.G. § 3E1.1, application note 3."). Having found a substantial basis in fact for the plea, and specifically for the element of knowledge, the district court would have acted inconsistently if, at sentencing, it had denied acceptance of responsibility on the basis of a denial of the knowledge element of the offense. See id. at 1160 ("Where the context does not suggest denial of mens rea to the judge at the time the guilty plea is entered ... it is inconsistent to treat it later at sentencing as though it did.")