113 F.3d 1243
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Miguel Angel CORTES, Defendant-Appellant.
 No. 95-50269.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 8, 1997.*
Decided May 12, 1997.
 
 1
 Before: O'SCANNLAIN and TASHIMA, Circuit Judges, and WHALEY, District Judge.**
 
 
 2
 MEMORANDUM***
 
 
 3
 Appellant appeals from the sentence on his conviction for possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a) (1994). Because the facts and prior proceedings are known to the parties, they need not be summarized here. We have jurisdiction pursuant to 18 U.S.C. § 3742 (1994) and 28 U.S.C. § 1291 (1994), and we affirm.
 
 I. Mitigating Role Adjustment
 
 4
 Appellant contends first that the District Court failed to rule on his oral motion for a mitigating role adjustment to his offense level pursuant to U.S.S.G. § 3B1.2 (Nov. 1994). Contrary to this assertion, however, the transcript of Appellant's sentencing hearing and the District Court's Judgment and Commitment Order establish that Appellant was granted a two-point offense level adjustment for having played a minor role in his offense. Thus, this contention lacks merit.
 
 
 5
 Appellant also contends that the District Court erred by not reducing his offense level by four points to reflect that he was a "minimal participant" in the events that underlie his conviction. This contention also lacks merit. At sentencing, Appellant and his counsel asserted that Appellant was largely ignorant of the fact that his residence was being used as a transhipment point for large amounts of smuggled cocaine. In contrast, the Presentence Report's summary of the Government's investigation revealed there was substantial evidence indicating Appellant had acted as a trusted caretaker of the residence in question and had knowledge of, and participated in, the smuggling of large amounts of cocaine. In light of this record, the District Court's adoption of the Government's version of Appellant's role in his offense was not clearly erroneous. See, e.g., United States v. Lui, 941 F.2d 844, 849 (9th Cir.1991) (discounting defendant's uncorroborated, self-serving assertions regarding role in offense).
 
 
 6
 The District Court also did not abuse its discretion in applying § 3B1.2 to the facts of this case. A comparison of Appellant's role, as determined by the District Court, to that of his codefendants reveals that he was not "plainly among the least culpable," § 3B1.2 comment. (n. 1), of the individuals involved in his offense given that three of his codefendants were inexperienced couriers of the cocaine in question.
 
 
 7
 Accordingly, the District Court did not err in its conclusion that Appellant's role in his offense warranted a minor, rather than minimal, participant reduction under § 3B1.2.
 
 II. Aberrant Conduct Departure
 
 8
 Appellant also contends that the District Court erred by failing to grant him a downward "aberrant conduct" departure from the relevant sentencing range pursuant to U.S.S.G. § 5K2.0 (Nov. 1994). Appellant, however, waived this issue by failing to present this ground for departure to the District Court, United States v. Ouesada, 972 F.2d 281, 283-84 (9th Cir.1992), and has failed to establish the existence of any of the types of "exceptional circumstances" that this Court recognizes as excusing such a failure, United States v. Gallegos, 3 F.3d 325, 328 (9th Cir.1993). Moreover, the District Court's finding that Appellant was extensively involved over a significant period of time in the cocaine smuggling operation undermines his argument that his conduct fell within the spectrum of aberrant behavior that warrants a downward departure. See, e.g., United States v. Fairless, 975 F.2d 664, 669 (9th Cir.1992) (describing spectrum). Accordingly, the District Court did not commit clear error in failing to grant, sua sponte, an aberrant conduct downward departure pursuant to § 5K2.0.
 
 III. Safety Valve
 
 9
 Finally, Appellant also contends that the District Court should have applied the "safety valve" provisions of 18 U.S.C. § 3553(f) (1994) and U.S.S.G. § 5C1.2 (Nov. 1994) and sentenced him to a term of incarceration below the mandatory ten-year term applicable to his offense under 21 U.S.C. § 841(b) (1994). Again, however, Appellant waived this issue by failing to present it to the District Court and identifies no exceptional circumstances excusing this failure. Additionally, Appellant's characterization of his role in the cocaine smuggling operation suggests that he would not have qualified for the safety valve because he had not satisfied § 3553(f)(5)'s "tell-all-you-know" requirement. See United States v. Ajugwo, 82 F.3d 925, 929 (9th Cir.1996) (assertion that defendant told Government all s/he knows is insufficient when other information indicates defendant has withheld information), cert. denied, 117 S.Ct. 742 (1997). Moreover, even if Appellant satisfied all of § 3553(f)'s requirements, application of the safety valve to his case would not affect his sentence because the low end of his sentencing range exceeds the statutory minimum sentence applicable to his offense.
 
 
 10
 Accordingly, the District Court did not commit clear error in not invoking § 3553(f) to impose a sentence below the statutory minimum.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Cir.R. 34-4
 
 
 **
 The Honorable Robert H. Whaley, United States District Judge, Eastern District of Washington, sitting by designation
 
 
 **
 * This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit, except as provided by Ninth Cir.R. 36-3